NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARRY AHURUONYE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE INTERIOR,**
*Respondent*

---

2016-2493

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-15-1172-W-1.

---

Decided: December 8, 2016

---

BARRY AHURUONYE, Hyattsville, MD, pro se.

MELISSA BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges*.

PER CURIAM.

Barry Ahuruonye petitions for review from a final decision of the Merit Systems Protection Board finding that he was not entitled to corrective action under the Whistleblower Protection Act because he failed to establish that his protected disclosures were a contributing factor to the alleged retaliatory personnel action. Because substantial evidence supports the Board's decision, we affirm.

I

During the relevant period, Mr. Ahuruonye was employed as a Grants Management Specialist for the United States Fish & Wildlife Service. In May 2013, Mr. Ahuruonye suffered a loss of consciousness at work that required hospitalization. On February 7, 2014, he emailed Lisa Van Alstyne, his then-supervisor, asking that she complete a Form CA-2 so that he could proceed with his workers' compensation claim. Ms. Van Alstyne did not complete the form because, according to her, the form was blank and a human resources employee had told her that Mr. Ahuruonye needed to first fill out the top portion before she could complete the supervisor's portion. Ms. Van Alstyne asked human resources to explain the correct process to Mr. Ahuruonye. Ms. Van Alstyne never received a revised Form CA-2 from Mr. Ahuruonye.

On September 5, 2015, Mr. Ahuruonye complained to the Office of Special Counsel (OSC) that Ms. Van Alstyne failed to fill out the Form CA-2 as reprisal for a 2012 complaint he filed with the United States Department of Interior Office of Inspector General (Interior OIG) alleging that Penny Bartnicki, Chief of the Coastal Impact Assistance Program, unlawfully approved certain awards. Two weeks later, before the OSC completed its investigation, Mr. Ahuruonye filed an individual right-of-action appeal with the Board under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) (2012), *amended by* Whistleblower Protection Enhancement Act of 2012, Pub. L.

No. 112–199, 126 Stat. 1465. Shortly thereafter, the OSC closed its investigation and informed Mr. Ahuruonye that he could seek corrective action.

On initial hearing, an Administrative Judge denied Mr. Ahuruonye's request for corrective action on the merits. Mr. Ahuruonye sought relief from the full Board, which vacated the Administrative Judge's finding in part but sustained the denial of Mr. Ahuruonye's petition. The Board concluded that Mr. Ahuruonye's disclosure to Interior OIG did not contribute to Ms. Van Alstyne's decision to not complete Mr. Ahuruonye's Form CA-2. This case followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

"We review the Board's decision to determine whether it is '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Grover v. Office of Pers. Mgmt.*, 828 F.3d 1378, 1382 (Fed. Cir. 2016) (quoting 5 U.S.C. § 7703(c)). "Substantial evidence is more than a mere scintilla of evidence, but less than the weight of the evidence." *Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1366 (Fed. Cir. 2016) (internal citations and quotation marks omitted). Under that deferential standard, "[i]t is not for this court to reweigh the evidence before the Board." *McMillan v. Dep't of Justice*, 812 F.3d 1364, 1371 (Fed. Cir. 2016) (quoting *Henry v. Dep't of Navy*, 902 F.2d 949, 951 (Fed. Cir. 1990)).

To prevail in seeking a corrective action, a whistleblower must demonstrate "by a preponderance of the evidence that he or she made a protected disclosure under § 2302(b)(8) that was a contributing factor to the employee's" adverse personnel action. *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). The "con-

tributing factor" element may be proven "through circumstantial evidence, such as evidence that (A) the official taking the personnel action knew of the disclosure . . . ; and (B) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure . . . was a contributing factor in the personnel action."  5 U.S.C. § 1221(e)(1); *Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016).

Here, the Board determined that Mr. Ahuruonye failed to establish his *prima facie* case because he did not show that Ms. Van Alstyne knew of his 2012 complaint against Ms. Bartnicki before she failed to complete his Form CA-2.  Applying our deferential "substantial evidence" standard, we agree.  The Board reasonably credited Ms. Van Alstyne's sworn statement that "[i]n February 2014, [she] was not aware that Mr. Ahuruonye had disclosed anything to the [Interior OIG] related to any 'illegal grant awards.'" Resp. App. 22, 28 ¶ 3.  Mr. Ahuruonye relies primarily on two pieces of circumstantial evidence predating Ms. Van Alstyne's complained-of conduct: (1) a July 31, 2013 email from Ms. Van Alstyne, which the Board characterized as referring only generally to "OIG auditors," and (2) an October 25, 2013 declaration by Ms. Van Alstyne submitted in a separate, equal employment opportunity (EEO) complaint Mr. Ahuruonye filed. Mr. Ahuruonye does not contend on appeal that the July 31, 2013 email reflects knowledge of his disclosure, and we see no reversible error in the Board's conclusion that Ms. Van Alstyne's declaration did not sufficiently show that she knew Mr. Ahuruonye reported Ms. Bartnicki to the Interior OIG.

Mr. Ahuruonye also points to an affidavit he prepared for the EEO matter, dated October 24, 2013, which describes his Interior OIG disclosure.  Although he claims that Ms. Van Alstyne reviewed it and thus knew of his disclosure, here he identifies no evidence supporting that assertion.  Therefore, substantial evidence supports the

Board's finding that Mr. Ahuruonye's protected disclosure was not a contributing factor to Ms. Van Alstyne's failure to complete his Form CA-2.

We find Mr. Ahuruonye's remaining arguments un-persuasive. Accordingly, we affirm the Board's denial of Mr. Ahuruonye's petition.

**AFFIRMED**

No costs.